### Missouri, Kansas & Texas Railway Company of Texas v. P. E. Harrison.

#### No. 1323. Decided May 23, 1904.

**1.—Passenger—Ticket—Contract—Adding to by Parol.**

A passenger ticket over connecting lines of railway, in the form of a signed contract, determines the extent of the undertaking of the carrier selling it, which can not, it seems, be enlarged by proof of the terms of published advertisements of the carrier or representations by its agent. (P. 617.)

**2.—Same—Through Car.** ·

Though not bound by contract with the passenger to send him over its own and connecting lines in a car going through without change, the initial carrier which, by arrangement with its connections, furnishes a car to be sent through without change, becomes liable to the passenger for injury through the insufficiency of the car,—as, in this case, for suffering from cold caused by defective appliances for heating. (Pp. 617, 618.)

**3.—Same—Negligence of Connecting Carrier—Charge.**

The initial carrier of passengers whose liability is limited to its own line and cars is not liable for default of a connecting carrier in failing to exercise due care, to heat a car furnished by it for through transit, each being liable only for its own default, though failure of each to heat the car while under its control combined to cause sickness to the passenger. See charge held erroneous for failing to observe this distinction. (Pp. 617, 618.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Hopkins County.

Harrison sued the railway company and had · judgment. Defendant appealed, and, on affirmance, obtained writ of error.

*T. S. Miller* and *Perkins, Craddock & Wall,* for plaintiff in error.— A railway company, in selling a ticket for a through trip over its own and connecting lines to a point beyond its own line and in collecting and receiving the fare for such through trip, may lawfully limit its liability to injuries occurring on its own line, and if its liability is so limited there can be no recovery against it for injuries occurring on the connecting lines. Harris v. Howe, 74 Texas, 536; Gulf C. & S. F. Ry.

Co. v. Looney, 85 Texas, 159; Missouri K. & T. Ry. Co. v. Moore, 18 Texas Civ. App., 561; Abrams v. Gulf C. & S. F. Ry. Co., 83 Texas, 61; Houston & T. C. Ry. Co. v. Graves, 61 S. W. Rep., 324; Gulf C. & S. F. Ry. Co. v. Wright, 2 Texas Civ. App., 463.

Where the act of one wrongdoer is separate and independent of and not in association or concert with the act of another wrongdoer who does the same or a similar act, there is no joint liability of such wrongdoers; each is liable only for the injury caused by him, and neither is liable for such injury as may have been caused by the other. It having been shown by the evidence that each of the companies owning the several lines constituting the through route from Winnsboro, Texas, to Geneva, Ga., was acting for itself, and that the tickets of the plaintiff and his wife with the coupons attached constituted with each of such companies a separate contract, the charge of the court was erroneous in making the appellant liable for such injuries as resulted from the negligence of the carriers other than the appellant. Chipman v. Palmer, 77 N. Y., 52; Blaisdell v. Stephens, 14 Nev., 17, 33 Am. Rep., 523.

The charge of the court, in directing the jury to find for the appellee against the appellant for and on account of the sickness of appellee and his wife and the consequences thereof, if the negligence of the appellant in failing to furnish a comfortable car, concurring with the like negligence of its connecting carriers or either of them in also failing to furnish a comfortable car, caused the sickness of plaintiff and his wife, is erroneous in not limiting the liability of the appellant for the negligence of the connecting carriers to such negligence of such carriers as was induced or set in motion by the negligence of appellant, and it is upon the weight of the evidence in that it assumes that the prior negligence of appellant brought about or induced the subsequent negligence of the connecting carriers, and the negligence of the succeeding and connecting carriers would not have occurred but for appellant's negligence. Galveston H. & S. A. Ry Co. v. Naas, 94 Texas, 255; Gulf C. & S. F. Ry. Co. v. McWhirter, 77 Texas, 356; Gonzales v. Galveston, 84 Texas, 7; O'Connor v. Andrews, 81 Texas, 37, 47 Law. Rep. Ann., 480.

The Court of Civil Appeals erred in its opinion and judgment in holding that the plaintiff in error under the contract was liable for the injuries sustained by the defendant in error and his wife upon the lines of the connecting carriers.

The court erred in overruling and not granting the defendant a new trial, because the uncontradicted evidence showed that by the terms of the contract of carriage the defendant was not liable beyond its own line; that the connecting carriers were guilty of negligence in failing to keep the car warm; and as a result that plaintiff and his wife both suffered great physical pain and discomfort all through one night and about one-half the next day, for which said pain and discomfort defendant was wrongfully made liable under the charge of the court.

*Crosby & Dinsmore*, for defendant in error.—The right of a railway

company to limit its liability to injuries occurring on its own line does not include the right to limit its liability for the consequences of its negligence. The liability of the carrier is not terminated when the end of its line is reached, if its negligence continues to operate on the passenger after he is delivered to the connecting carrier.

A railway company may refuse to contract to carry passengers beyond its own line, but if, while a passenger is on the line of the initial carrier, conditions are negligently created by that carrier from which the passenger continues to suffer after he has gone on the line of the connecting carrier, the first carrier is not exempt from liability because it had contracted to carry the passenger only to the terminus of its own road. International & G. N. Ry. Co. v. Terry, 62 Texas, 380; Texas & P. Ry. Co. v. Rea, 27 Texas Civ. App., 549; 1 Suth. on Dam., secs. 36, 48, 49.

The negligence, if any, of the connecting carrier in not discovering the condition of the coach, and in failing to provide suitable accommodations, was not the sole cause of the suffering endured by appellee and his wife after the coach was transferred. At most, such negligence but concurred with the previous negligence of the appellant in prolonging their suffering. Gonzales v. City of Galveston, 84 Texas, 7; 1 Shearm. & Redf. on Neg., sec. 31.

It is not necessary in order to make out a case of concurring negligence that the wrongdoers should act in concert. The negligent acts of the wrongdoers may be several, distinct and independent, but if they concur in producing an injury, each wrongdoer is liable for the whole injury. Pugh v. Chesapeake & O. Ry. Co., 101 Ky., 77, 72 Am. St. Rep.; 392; Stone v. Dickinson, 5 Allen, 29, 81 Am. Dec., 727; Flaherty v. Minneapolis & St. L. Ry. Co., 39 Minn., 328, 12 Am. St. Rep., 654.

There was causal connection between the suffering of appellee and his wife on the appellant's line and on the lines of the connecting carriers, viz., the use of the coach which was not supplied with adequate heating appliances and which was out of order, and which was used in carrying appellee and his wife by provision of appellant alone, or by previous agreement and concert between appellant and the connecting carriers; wherefore appellant is liable for the whole injury. Gonzales v. City of Galveston, 84 Texas, 7; Railway Co. v. McWhirter, 77 Texas, 360; Seale v. Railway Co., 65 Texas, 274; Carterville v. Cook, 129 Ill., 155, 16 Am. St. Rep., 248.

The appellant can not escape from the consequences of its negligence by saying that if the connecting carrier had done its duty appellee and his wife would have ceased to suffer from the effects of appellant's negligence. Having negligently created the conditions which exposed them to injury, it was a duty personal to appellant to do what was necessary to relieve them from the effect of such negligence. Gonzales v. Galveston, 84 Texas, 7; Railway Co. v. Sweeney, 6 Texas Civ. App., 178; Railway Co. v. Musette, 7 Texas Civ. App., 179.

The appellant having put appellee and his wife in a coach which could not be heated, expecting them to travel therein to the end of their

journey, can not claim that it could not have foreseen that they would continue to suffer after the coach was turned over to the connecting carrier. Besides, that they would so suffer was the natural, reasonable and probable result of the negligence of appellant in starting them on their journey in such a coach, and the appellant is liable without regard to whether or not it, in fact, anticipated the actual result which followed. The damages claimed are not, therefore, too remote to be recovered. Gonzales v. Galveston, 84 Texas, 7; Eames v. Railway Co., 63 Texas, 664; Jones v. George, 61 Texas, 351; Suth. on Dam., 3 ed., sec. 37, p. 113; sec. 38, p. 116.

The evidence raised the issue that the suffering endured by appellee and his wife after appellant delivered the coach they were in to the connecting carrier was due in part to the negligence of appellant in starting and continuing them on their journey in a coach which could not be heated, and in part to the negligence of connecting carriers in not discovering the condition of the coach, and in failing to provide a comfortable car. This issue was correctly submitted, in general terms, in the main charge; and since the appellant did not request more specific instructions, the main charge must be held sufficient.

If the charge of the court assumed that prior negligence of appellant brought about or in any measure induced the subsequent negligence of the connecting carrier, such assumption was not error, because the uncontradicted evidence shows that the steam pipes for heating the car were burst when the appellee entered the car, and when appellant started it on its journey, and when appellant delivered it to the connecting carrier, and when this car reached Meridian, Miss. McFadden v. Schill, 84 Texas, 79; Wright v. Hardie, 30 S. W. Rep., 676.

That part of the court's charge complained of in appellant's fourth proposition under its first assignment, viz., "That if appellant furnished appellee and his wife a reasonably comfortable car to ride in from Winnsboro to Shreveport, then it performed all the duty it owed appellee, and if you so believe you will find for defendant," is in direct response to the pleading and the evidence, submits a defense made by appellant's pleading and supported by some evidence, and it is in fact and in law a correct statement of the law applicable to the facts.

The entire charge of the court must be considered and construed together, and that part of the charge complained of in appellant's fourth proposition under its first assignment of error, when considered in connection with the preceding paragraphs of the charge, is an absolutely correct statement of the law applicable to the case. Kauffman v. Babcock, 67 Texas, 244; Brackett v. Hinsdale, 2 U. C., 468; Moore v. Moore, 73 Texas, 382; Railway Co. v. Matula, 79 Texas, 581.

In this case the slightest degree of care would have disclosed to appellant's servants that the car was out of order, that the steam pipes were burst, and that the car was not warmed. If there was, abstractly considered, error in that part of the court's charge complained of, in that it did not state that appellant was exempt if it used a high degree

of care to provide a comfortable coach, that error was harmless. The charge complained of does not state that appellant is liable if it did not furnish a coach reasonably warm and comfortable. Loper v. Robinson, 54 Texas, 510; Houston E. & W. T. Ry. Co. v. Hardy, 61 Texas, 230; Blum v. Light, 81 Texas, 421; Gas Co. v. Robertson, 55 S. W. Rep., 347.

GAINES, CHIEF JUSTICE.—This suit was brought by the defendant in error against the plaintiff in error to recover damages for the discomfort and sickness of himself and of his wife alleged to have been caused by the failure to make comfortably warm the car in which they were being carried as passengers under a contract with the defendant company. The plaintiff recovered a judgment which upon appeal was affirmed by the Court of Civil Appeals.

The plaintiff, in the month of December, 1901, bought of the defendant's agent, at the town of Winnsboro, Texas, round-trip tickets for himself and wife over the defendant's road and its connecting lines to the town of Geneva, in Georgia. On the afternoon of the 24th day of the month they accordingly took passage at Winnsboro on the train of the defendant company for their destination under the contract. About nightfall of that same day they reached Shreveport, the end of the defendant's line. The car on which they took passage and were being carried was there transferred to the next connecting carrier, and they proceeded in the same car in a continuous journey to Meridian, Miss., where it was dropped out and they were transferred to another. So far the evidence is not disputed. But as to the condition of the car with respect to its warmth from the time it left Winnsboro until its arrival at Shreveport, the testimony is sharply conflicting. Neither is the testimony in accord as to its condition after leaving Shreveport, though there was much testimony tending to show that during the night after leaving that place it became quite cold and that there was no attempt except on the part of the passengers to heat it. The plaintiff and his wife each testified in effect that they suffered from the cold from the time they left Winnsboro until they reached Meridian, and that by reason of the exposure they were made seriously sick.

There was evidence tending to show that the car contained a stove and also pipes, presumably originally provided for the purpose of heating it, but that the pipes were broken and that no fuel was provided by the servants of either of the companies to make a fire in the stove save some shavings and fragments of broken boxes. There was testimony, however, to the effect that after leaving Shreveport some of the passengers procured some coal from a coal car on the track and made a fire in the stove, and that this kept the car in a reasonably comfortable condition while the fire lasted. In reference to this matter we think the evidence was such as would have justified the jury in finding that the car could have been kept heated by providing and using the proper fuel for that purpose.

The tickets which the plaintiff bought and upon which he and his

wife were being carried were contract tickets and were signed by him and his wife respectively, and each contained the stipulation that the defendant company should not be responsible beyond its own line.

Testimony was admitted showing that the defendant, in advertising for the trip, stated that the passengers would be carried through without a change of car, and it was also testified that an agent of defendant made the same statement to a passenger while negotiating for the purchase of a ticket.

Such being the testimony, the trial judge in his charge to the jury, after defining the duty of a carrier of passengers, instructed them as follows: "Now if you believe from the evidence that on December 21, 1901, the weather was cold and disagreeable, and you believe the servants of the defendant failed to provide the plaintiff and his wife with a reasonably warm and comfortable car to ride in from Winnsboro to Shreveport, and that on said trip to Shreveport the plaintiff and his wife were compelled to ride in a car that was cold and uncomfortable, and if you believe in consequence thereof the plaintiff and his wife, or either of them, became cold and thereby suffered from being cold, and you believe the servants of the defendant were guilty of negligence (as that term is above defined) in failing to furnish plaintiff and his wife with a reasonably warm and comfortable car (if you find they so failed), and if you believe the negligence (if any) of the defendant was the direct and proximate cause of the suffering (if any) of the plaintiff and his wife or either of them, then you will find for the plaintiff such sum as will now in cash compensate the plaintiff for the pain and suffering (if any) of himself and wife, or either of them, in consequence of getting cold in said car; but unless you so believe you will find for the defendant. If you find for the plaintiff on the issue last above submitted, and you further believe, that, in consequence of getting cold in said car from Winnsboro to Shreveport, the plaintiff and his wife or either of them contracted cold, and you believe such cold resulted in sickness to the plaintiff and his wife, or either of them, as alleged by the plaintiff, and you believe the cold and sickness of plaintiff and his wife, or either of them (if any), was directly and solely caused by the negligence (if any) of the servants of the defendant on its own line; or if you believe the employes of the connecting carriers or either of them failed to furnish the plaintiff and his wife with a reasonably warm and comfortable car to ride in after they left Shreveport, and you believe the plaintiff and his wife were compelled to ride in a cold and uncomfortable car after leaving Shreveport, and you believe the servants of the connecting carriers, or either of them, were guilty of negligence (as that term is hereinbefore defined) in failing to furnish the plaintiff and his wife with a reasonably warm and comfortable car (if you find they so failed), and if you believe the negligence (if any) of the defendant on its own line, as above explained, concurring with the negligence (if any) of the connecting carriers or either of them, was the cause of the sickness of the plaintiff and his wife or either of them, then you will also

find for the plaintiff such sum as will now in cash compensate the plaintiff for the physical pain and mental anguish (if any) that he and his wife, or either of them, suffered and will suffer in consequence of such sickness (if any) and the effect (if any) of plaintiff's sickness upon his ability to labor and earn money, and all necessary and reasonable sums he has paid or incurred for medicine and doctor's bills, for himself and wife in consequence of such sickness. But if you believe from the evidence that the defendant furnished the plaintiff and his wife with a reasonably comfortable car to ride in from Winnsboro to Shreveport, then the defendant performed all the duty it owed plaintiff, and if you so believe your verdict will be for the defendant. Or if you believe the defendant did fail to furnish the plaintiff and his wife a reasonably comfortable car from Winnsboro to Shreveport, and was negligent, and that the plaintiff and his wife suffered with cold on the trip to Shreveport, yet you will find for the defendant on the issue of sickness, unless you further believe the negligence (if any) of the defendant on its own line contributed to cause and concurred in causing the sickness. Or if you believe the negligence (if any) of the. connecting carriers alone was the cause of the sickness, you will find for the defendant on the issue of sickness."

The contract in this case being in writing, we are inclined to the opinion, that, for its terms, the writing alone should be looked to, and that it was not competent to import into the agreement by parol testimony a stipulation that the plaintiff and his wife were to be carried to their destination in the same car. But we also think that if there was an agreement between the defendant company and the connecting lines for the use of the one car for the through trip, the initial carrier would be liable for the consequences of having furnished a car for the purpose which was not capable of being made comfortably warm. But it was the duty of its connecting carriers to use the highest degree of care to preserve the comfort of their passengers, and therefore, we are of the opinion, that, if the car furnished by the defendant company was capable of being made comfortable by such degree of care, it could not be held liable for their negligence in that particular. It follows, as we think, that the responsibility of the defendant for any injury the plaintiff and his wife may have received after leaving its line depended upon the character of the car in which they were carried. If it could have been heated by the exercise of that high degree of diligence demanded of the servants of its connecting carriers, the defendant would not be liable for the negligence of the latter. On the other hand, we are of the opinion that if the car was not capable of being heated by the exercise of such diligence, the initial carrier would be responsible for the discomfort and any consequent injuries to the health of plaintiff and his wife accruing on that line.

The latter part of the charge quoted seems to indicate that the learned trial judge had this distinction in view while instructing the jury. But if so in a previous portion of the charge he seems to have lost sight

of the distinction. The instruction referred to is that which reads as follows: "Or if you believe the employes of the connecting carriers or either of them failed to furnish the plaintiff and his wife with a reasonably warm and comfortable car to ride in after they left Shreveport, and you believe the plaintiff and his wife were compelled to ride in a cold and uncomfortable car, after leaving Shreveport, and you believe the servants of the connecting carriers, or either of them, were guilty of negligence (as that term is hereinbefore defined) in failing to furnish the plaintiff and his wife with a reasonably warm and comfortable car (if you find they so failed), and if you believe the negligence (if any) of the defendant on its own line as above explained, concurring with the negligence (if any) of the connecting carriers or either of them, was the cause of the sickness of the plaintiff and his wife, or either of them, then you will also find for the plaintiff such sum as will now in cash compensate the plaintiff for the physical pain and mental anguish (if any) that he and his wife, or either of them, suffered and will suffer in consequence of such sickness (if any) and the effect (if any) of plaintiff's sickness upon his ability to labor and earn money, and all necessary and reasonable sums he has paid or incurred for medicine and doctor's bills for himself and wife in consequence of such sickness." This was capable of the construction (if indeed it admits of any other) that if the defendant company failed to furnish a comfortable car to Shreveport, and if after leaving that point the connecting carrier also so failed, and the two causes combined and contributed to produce the sickness of which complaint was made in the petition, the defendant was liable for all the consequences of the combined neglect. We think that this was error.

Therefore the judgment is reversed and the cause remanded.

*Reversed and remanded.*